IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ELVIN ANTONIO PAULINO,

                                  Plaintiff,

v.                                                      Civil Action No.
                                                        9:05-CV-0652 (LEK/DEP)

SUPERINTENDENT COSTELLO,
  Mid-State Correctional Facility, *et al.*,

                                  Defendants.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

ELVIN ANTONIO PAULINO, *pro se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO                  STEVEN H. SCHWARTZ, ESQ.
New York State Attorney General       Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

        Plaintiff Elvin Antonio Paulino, who is proceeding *pro se* and *in forma*

*pauperis,* has commenced this civil rights action pursuant to 42 U.S.C. §

1983, complaining of conditions endured while confined as a New York State

prison inmate.  Plaintiff's complaint relates to the alleged failure of prison officials to provide suitable, non-skid flooring in the shower area at the facility in which he was housed at the relevant times, resulting in his slipping and injuring himself, as well as their alleged deliberate indifference to the injuries which he sustained from that fall.

In response to plaintiff's complaint, defendants have moved seeking its dismissal for failure to state a claim upon which relief may be granted. Offering extrinsic materials, including notably an affidavit from Thomas G. Eagen – who serves as the Director of Inmate Grievance Program ("IGP") for the New York State Department of Correctional Services ("DOCS") – in support of their motion, defendants argue that plaintiff's complaint is subject to dismissal for failure to exhaust available, internal administrative remedies. Defendants also challenge plaintiff's shower floor complaints, characterized by them as asserting a mere claim of negligence not cognizable in a section 1983 action.

Because failure to exhaust is an affirmative defense, and defendants have failed to confine the focus of their Rule 12(b)(6) motion to plaintiff's complaint and any materials incorporated into it by reference or otherwise properly considered by the court on such a motion, and plaintiff's complaint

2

does not on its face disclose with certainty both his failure to exhaust administrative remedies and the lack of any basis to excuse that failure, I recommend that defendants' motion be denied, without prejudice.  Turning to defendants' remaining argument, and finding that when liberally construed, plaintiff's complaint could be regarded as alleging the existence of a condition transcending mere negligence, and instead tantamount to cruel and unusual punishment, I also recommend denial of the portion of defendants' motion which seeks dismissal of plaintiff's shower floor claim.

## I.   BACKGROUND[1]

Plaintiff is a prison inmate entrusted to the custody of the DOCS; at the times relevant to his complaint, plaintiff was confined within the Mid-State Correctional Facility.  On September 4, 2002, while exiting a shower area at Mid-State, plaintiff slipped on a small piece of soap and fell, injuring his back and head.  Amended Complaint (Dkt. No. 7) ¶ 5.  After getting up, plaintiff again fell, this time bruising his ribs and injuring his upper lip.  *Id.*

Plaintiff's complaint alleges that following his accident, medical personnel at Mid-State failed to provide him with adequate medical

---

[1]     In light of the procedural posture of this case, the following facts are taken from plaintiff's complaint, which is construed in a light most favorable to him. *Donhauser v. Goord*, 314 F.Supp.2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).

treatment for his injuries, and that as of the time this action was commenced

x-rays still had not been taken to survey his back injury.  *Id.* ¶ 7.

II.    PROCEDURAL HISTORY

Plaintiff commenced this action on or about May 17, 2005 in the United

States District Court for the Western District of New York.  Dkt. Nos. 1, 4.

Following transfer of the case to this district, and routine review of plaintiff's

complaint, Dkt. No. 4, a conditional dismissal order was issued by District

Judge Lawrence E. Kahn on June 3, 2005, requiring the filing by plaintiff of

an amended complaint more clearly articulating his claims as well as naming

the defendants against whom those claims were asserted.  Dkt. No. 6.  An

amended complaint was subsequently filed by the plaintiff on June 8, 2005,

and accepted for filing by subsequent order issued by District Judge Kahn

on August 16, 2005.  Dkt. Nos. 7, 8.  Named in plaintiff's amended complaint

as defendants are Mid-State Superintendent Costello; Mr. Prosser, the Head

of the Maintenance Department at Mid-State; and the "Clinical Medical Staff

(Head Administrator)"  – a person not identified by name in plaintiff's

complaint.  Dkt. No. 7.

In response to plaintiff's complaint, defendants moved on March 6,

2006 seeking its dismissal.[2]  Dkt. No. 22.  In their motion, defendants argue that plaintiff's complaint is subject to dismissal for failure to properly exhaust available administrative remedies, and additionally seek dismissal of plaintiff's claim surrounding the slippery shower floor, characterized by them as asserting a cause of action for negligence.  Dkt. No. 22.  Plaintiff has failed to respond to defendants' motion, which is now ripe for determination and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.1(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

   A.   Legal Significance of Plaintiff's Failure to Respond

        While defendants have sought dismissal of all or portions of his claims on two separate grounds, plaintiff has not provided the court with the benefit of any argument as to why that motion should not be granted.  Plaintiff's failure to oppose defendants' motion to dismiss, however, does not preclude me from recommending disposition of their motion without the benefit of his submission.  *See*, *e.g.*, *White v. Mitchell,* No. 99-CV-8519, 2001 WL 64756,

_____

        [2]   A second dismissal motion was filed by the defendants on April 13, 2006. Dkt. No. 26.  Because the two dismissal motions are identical, raising the same arguments and having been supported by the same evidentiary materials, I will not separately address the two, and instead will focus on the first-filed such motion.

at *1 (E.D.N.Y. Jan. 18, 2001).  A motion to dismiss tests only the legal sufficiency of the plaintiff's complaint; accordingly, while a plaintiff should be given reasonable opportunity to respond to such a motion, the court can determine a complaint's sufficiency as a matter of law based on its own reading of the complaint and knowledge of the relevant case law.  *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).

It should be noted that plaintiff's failure to oppose defendants' motion provides no guaranty that the motion will be granted.  Under this court's local rules, while a party's failure to respond to a properly filed motion can be regarded as a consent to the relief sought, before granting an unopposed motion the court must first make a threshold finding that the moving party has met its burden demonstrating entitlement to that relief.  N.D.N.Y.L.R. 7.1(b)(3); *see also McCall*, 232 F.3d at 322-23 (holding that plaintiff's failure to respond to motion to dismiss in and of itself could not constitute basis for dismissal if plaintiff's complaint stated a claim for relief); *White*, 2001 WL 64756, at n.2 (citing *McCall*).

B.    Motion to Dismiss

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial

sufficiency of that pleading, applying a standard which is neither controversial nor rigorous in its requirements.  Under that provision, a court may not dismiss a complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him [or her] to relief."  *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citing, *inter alia*, *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).  In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party.  *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp.2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).  The court's determination as to the sufficiency of a complaint must take into consideration the fact that the governing rules require only that the defendant be afforded "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley*, 355 U.S. at 47, 78 S. Ct. at 103; *see Phillips v. Girdich*, 408 F.3d 124, 127-29 (2d Cir. 2005).

When assessing the sufficiency of a complaint against this backdrop, a court must afford particular deference to a *pro se* litigant; a court must

generously construe a *pro se* plaintiff's complaint when determining whether it states a cognizable cause of action.  *Davis*, 320 F.3d at 350 (citation omitted); *Donhauser*, 314 F. Supp.2d at 121.  A complaint drafted by an uncounselled plaintiff should not be dismissed unless "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations."  *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997) (citation omitted).  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

    C.   <u>Failure to Exhaust</u>

    The Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110, Stat. 1321 (1996), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  It is by now well-recognized that New York prison

inmates have available to them a three-tiered formal grievance procedure, established in accordance with the statutory scheme set forth in N.Y. Correction Law § 139 and 7 N.Y.C.R.R. Part 701 ("Inmate Grievance Program" or "IGP"). *See*, *e.g.*, *Soto v. Elston*, 993 F. Supp. 163, 164 (W.D.N.Y. 1998). To fully exhaust his or her remedies an inmate must complete all three levels of this procedure. *E.g.*, *Ryan v. Lyder*, No. 01 Civ. 10057, 2002 WL 1990380, at *2 (S.D.N.Y. Aug. 28, 2002). Under New York's inmate grievance scheme, the process is initiated by the filing of a grievance with the facility's IGRC. 7 N.Y.C.R.R. § 701.7(a). If the inmate is dissatisfied with the result at that initial stage, he or she must appeal to the facility superintendent. *Id.* § 701.7(b). Review of a facility superintendent's ruling must be sought from the DOCS Central Office Review Committee ("CORC") in Albany. *Id.* § 701.7(c).

As a threshold matter, I must first decide whether an exhaustion of remedies argument can properly be addressed in this case in the context of a Rule 12(b)(6) dismissal motion. Exhaustion of remedies under the PLRA is not jurisdictional, but instead an affirmative defense which must be pleaded and proven by a defendant.[3] *Jones v. Bock*, ___ U.S. ___, 127 S.

---

[3]      As the instant motion illustrates, this distinction is significant, since when considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule

Ct. 910, 919-22 (2007); *Richardson v. Goord*, 347 F.3d 431, 434 (2d Cir. 2003); *see also*, *e.g.*, *Torrence v. Pesanti*, 239 F. Supp.2d 230, 231 (D. Conn. 2003) (pre-*Richardson* and *Jones* decision finding that exhaustion is an affirmative defense, citing *Jenkins v. Haubert*, 179 F.3d 19 (2d Cir. 1999)).  For this reason, the defense is not ordinarily well-suited for disposition in the context of a Rule 12(b)(6) dismissal motion.  Dismissal of a prison inmate's civil rights complaint on the procedural basis of failure to exhaust would be appropriate at this juncture only if, from a review of the complaint and any attached materials, a failure to exhaust under the PLRA was "readily apparent" or "unambiguously established in the record". *Torrence*, 239 F. Supp.2d at 231-32 (citing *Snider v. Melindez*, 199 F.3d 108, 111-14 (2d Cir. 1999)).

In this instance, defendant has supported its motion by affidavit from IGP Director Thomas Eagen, declaring that plaintiff has not filed and

---

12(b)(1) a court may consider evidence outside the pleadings, such as affidavits, documents, and testimony, a situation distinctly different from that presented when confronted with a motion brought under Rule 12(b)(6).  *Oneida Indian Nation of New York v. New York*, 194 F.Supp.2d 104, 134 (N.D.N.Y. 2002) (Kahn, J.) (citing *Dajour B. v. City of New York*, 00 Civ. 2044, 2001 WL 830674, at *2 (S.D.N.Y. July 23, 2001)); *United States ex rel. Phipps v. Comprehensive Community Dev. Corp.*, 152 F. Supp.2d 443, 449 (S.D.N.Y. 2001); *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp.2d 455, 457 (S.D.N.Y. 1998); *see also McCoy v. Goord,* 255 F. Supp.2d 233, 249-51 (S.D.N.Y. 2003) (discussing role of extraneous materials on motion to dismiss for failure to exhaust).

appealed any grievance regarding the matters set forth in his complaint to the CORC.  Such extrinsic materials, however, are inappropriately submitted and considered by a court on motion to dismiss, absent conversion of the motion to one seeking the entry of summary judgment, and affording the non-moving party the opportunity to submit additional, extrinsic materials in opposition to the motion.  *McCoy*, 255 F.Supp.2d at 251.

In this instance, it may well be that if given that opportunity, plaintiff could raise a genuine issue of material fact regarding his fulfillment of the PLRA duty to exhaust or a cognizable basis for excusing that requirement. *See*, *e.g.*, *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004); *Hemphill v. State of New York*, 380 F.3d 680 (2d Cir. 2004); *Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004); *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004).  Since plaintiff has not yet been given this opportunity, and plaintiff's complaint does not on its face definitively disclose both a failure to exhaust and the lack of any basis to excuse the exhaustion requirement, I recommend that defendants' extrinsic materials not be considered, and their motion to dismiss for failure to exhaust be denied, without prejudice.

\_\_\_\_\_D.   <u>Negligence</u>

Characterizing plaintiff's complaint as asserting a negligence claim,

11

based upon the allegedly dangerous condition presented by the slippery floor in the vicinity of the showers at Mid-State, defendants seek dismissal of that claim for failure to state a cause of action upon which relief may be granted.  In making their argument, defendants correctly note that mere claims of negligence are not cognizable under section 1983.  *Cf. Despart v. Kearney*, No. 2:02-cv-4, 2006 WL 2789007, at *13 (M.D. Fl. Sept. 26, 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 831, 114 S. Ct. 1970, 1978 (1994)).

At this early procedural juncture, the obligation of the court is to determine whether, even when plaintiff's complaint is generously construed, it can nonetheless be said that he will be unable to prove any set of facts entitling him to relief.  *Davis*, 320 F.3d at 350 (citing, *inter alia*, *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102).  In this instance, plaintiff's complaint could be viewed as implicating the Eighth Amendment's prohibition of cruel and unusual punishment.

The Eighth Amendment's prohibition of cruel and unusual punishment encompasses punishments that involve the "unnecessary and wanton infliction of pain" and are incompatible with "the evolving standards of decency that mark the progress of a maturing society."  *Estelle v. Gamble*,

12

429 U.S. 97, 102, 104, 97 S.Ct. 285, 290, 291 (1976); *see also Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1076, 1084 (1986) (citing, *inter alia*, *Estelle*).  While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement; thus the conditions of an inmate's confinement are subject to Eighth Amendment scrutiny.  *Farmer*, 511 U.S. at 832, 114 S. Ct. at 1976 (citing *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400 (1981)).

A claim alleging that prison conditions violate the Eighth Amendment must satisfy both an objective and subjective requirement – the conditions must be "sufficiently serious" from an objective point of view, and the plaintiff must demonstrate that prison officials acted subjectively with "deliberate indifference".  *See Leach v. Dufrain*, 103 F. Supp.2d 542, 546 (N.D.N.Y. 2000) (Kahn, J.) (citing *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991)); *Waldo v. Goord*, No. 97-CV-1385, 1998 WL 713809, at *2 (N.D.N.Y. Oct. 1, 1998) (Kahn, J. and Homer, M.J.); *see also*, *generally*, *Wilson*, 501 U.S. 294, 111 S. Ct. 2321.  Deliberate indifference exists if an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

13

*Farmer*, 511 U.S. at 837, 114 S. Ct. at 1978; *Leach*, 103 F. Supp.2d at 546 (citing *Farmer*); *Waldo*, 1998 WL 713809, at *2 (same).

Applying the objective element of this Eighth Amendment standard to situations such as that presented in plaintiff's complaint, some courts have found that prison conditions presenting a known and substantial risk of harm could suffice to satisfy the objective prong of the cruel and unusual punishment test.  *See, e.g., Gomez v. Warden of the Otisville Corr. Fac.,* No. 99 Civ. 9954, 2000 WL 1480478, at *5 (S.D.N.Y. Sept. 29, 2000) (allegations of slippery, waxed floor causing injury to the plaintiff "arguably posed a substantial risk of harm sufficient to satisfy the objective component [of the Eighth Amendment test]") (citations omitted); *Baumann v. Walsh*, 36 F. Supp.2d 508, 513-14 (N.D.N.Y. 1999) (Scullin, J.) (allegations that plaintiff was required to climb along shelves and stand on boxes to retrieve materials from the storage room, if true, could demonstrate the existence of an inherently unsafe and dangerous condition).  Turning to the subjective component, plaintiffs complaint, though scant, could be construed as providing a basis to conclude that prison officials were aware from inmate complaints of the potentially unsafe condition at issue, but did not take appropriate remedial measures, including through installing rubber mats,

14

until after the date of plaintiff's accident.  *See* Amended Complaint (Dkt. No. 7) ¶ 3.  I am therefore unable to conclude that plaintiff will be unable to establish both the subjective and objective elements necessary to prevail on an Eighth Amendment cruel and unusual punishment claim, based upon the slippery floor condition described in his complaint.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

While defendants, in moving to dismiss for failure to state a claim upon which relief may be granted, have provided evidence which strongly suggests that plaintiff may not have fully met his PLRA exhaustion requirement before commencing this action, those materials were improperly submitted by the defendants in support of their motion.  In light of this, and the fact that the plaintiff has not yet been given an opportunity to submit responding materials which could either raise a genuine issue of fact as to whether he did in fact exhaust available remedies, or to establish a basis for excusing him of the exhaustion requirement, I recommend that this portion of defendants' dismissal motion be denied.  Additionally, finding it conceivable that plaintiff could establish a set of facts which would establish a Eighth Amendment violation, based upon prison officials' awareness of, but failure to rectify, a potentially unsafe slippery floor condition in the

shower area at Mid-State, I likewise recommend that the portion of defendants' motion challenging plaintiff's prison condition claim on the merits be denied as well.

Based upon the foregoing it is hereby

RECOMMENDED that defendants' motions to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted (Dkt. Nos. 22, 26) be DENIED in all respects.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

The clerk is directed to promptly forward copies of this order to the parties in accordance with the court's local rules.

Dated:    February 23, 2007
          Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\prisoner\paulino.wpd

17