IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ELVIN ANTONIO PAULINO,

                        Plaintiff,

v.                                                 Civil Action No.
                                                      9:05-CV-0652 (LEK/DEP)

SUPERINTENDENT COSTELLO,
  Mid-State Correctional Facility, *et al.*,

                        Defendants.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

ELVIN ANTONIO PAULINO, *pro se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO           STEVEN H. SCHWARTZ, ESQ.
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Plaintiff Elvin Antonio Paulino, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis,* has commenced this civil rights

action pursuant to 42 U.S.C. § 1983, complaining of conditions endured

during his confinement by the New York State Department of Correctional Services ("DOCS"). Plaintiff's claims derive from the alleged failure of prison officials to provide suitable, non-skid flooring in the shower area at the facility in which he was housed at the relevant times, resulting in his slipping and injuring himself, as well as their alleged deliberate indifference to the injuries which he sustained from that fall.

Currently pending before the court is a motion by the defendants seeking the entry of summary judgment dismissing plaintiff's complaint, both procedurally based upon plaintiff's alleged failure to exhaust available administrative remedies before commencing suit, and on the merits. Because I find, based upon the record now before the court and in light of plaintiff's failure to respond in opposition to the motion, that plaintiff did in fact fail to fulfill his obligation to exhaust administrative remedies before filing suit, I recommend that defendants' motion be granted.

I.  BACKGROUND

Plaintiff is a prison inmate entrusted to the custody of the DOCS; at the times relevant to his complaint, plaintiff was confined within the Mid-State Correctional Facility ("Mid-State"). On September 4, 2002, while exiting a shower area at Mid-State, plaintiff slipped on a small piece of soap and fell,

injuring his back and head.  Amended Complaint (Dkt. No. 7) ¶ 5.  After getting up, plaintiff again fell, this time bruising his ribs and injuring his upper lip.  *Id.*

Plaintiff's amended complaint alleges that following his accident, medical personnel at Mid-State failed to provide him with adequate medical treatment for his injuries, and that as of the time this action was commenced x-rays still had not been taken to survey his back injury.  *Id.* ¶ 7.

## II.   PROCEDURAL HISTORY

Plaintiff commenced this action on or about May 27, 2005 in the United States District Court for the Western District of New York.  Dkt. Nos. 1, 4.  Following the transfer of the case to this district, and routine review by the court of plaintiff's complaint, Dkt. No. 4, a conditional dismissal order was issued by District Judge Lawrence E. Kahn on June 3, 2005, directing the plaintiff to file an amended complaint more clearly articulating his claims as well as naming the defendants against whom those claims were being asserted.  Dkt. No. 6.  An amended complaint was subsequently filed by the plaintiff on June 8, 2005, and accepted for filing by subsequent order issued by District Judge Kahn on August 16, 2005.  Dkt. Nos. 7, 8. Named in plaintiff's amended complaint as defendants are Mid-State Superintendent

Costello; Mr. Prosser, the Head of the Maintenance Department at Mid-State; and the "Clinical Medical Staff (Head Administrator)" – a person not identified by name in plaintiff's amended complaint. Amended Complaint (Dkt. No. 7) ¶ 1.

In response to plaintiff's amended complaint, defendants moved on March 6, 2006 seeking its dismissal. Dkt. No. 22. In their motion, defendants argued that plaintiff was procedurally barred from pursuing his constitutional claims based upon his failure to properly exhaust available administrative remedies, and additionally sought dismissal of plaintiff's claim surrounding the slippery shower floor, characterized by them as asserting a cause of action for negligence. Dkt. No. 22. On February 23, 2007 I issued a report and recommendation in which I recommended the denial of defendants' motion, although not opposed by the plaintiff, based principally upon the fact that plaintiff's complaint, coupled with any other appropriately considered materials, failed to establish definitively plaintiff's failure to exhaust available administrative remedies. Dkt. No. 30. In that report I also recommended against dismissal of plaintiff's claims on the merits, finding that it could not be said, as a matter of law, that plaintiff could not establish acts on the part of defendants' transcending mere negligence and capable of

supporting a cognizable claim under 42 U.S.C. § 1983.[1]  *Id.*  That report and recommendation was adopted by District Judge Lawrence E. Kahn by order issued on March 30, 2007.  Dkt. No. 34.

On April 3, 2007 defendants moved seeking the entry of summary judgment dismissing plaintiff's complaint.  Dkt. No. 35.  Defendants' most recent motion renews the argument that plaintiff's claims are barred by virtue of his failure to exhaust available administrative remedies, and additionally reiterates their contention that his claims, sounding in negligence, fail to rise to a level of constitutional significance.  *Id.*  Defendants' motion, to which plaintiff once again has failed to respond, is now ripe for determination and has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

   A.   Plaintiff's Failure to Respond

In the face of defendants' motion seeking summary dismissal of plaintiff's claims as a matter of law on two separate grounds, plaintiff has not

---

[1] A second dismissal motion was filed by the defendants on April 13, 2006. Dkt. No. 26.  Because the two dismissal motions were identical, raising the same arguments and having been supported by the same evidentiary materials, in my report and recommendation I did not separately address the two, but instead focused on the first-filed such motion.

afforded the court the benefit of any argument as to why that motion should not be granted.  The first issue to be addressed is the legal significance, if any, of plaintiff's failure to oppose defendants' summary judgment motion, and specifically whether that failure automatically entitles defendants to dismissal of plaintiff's complaint, based upon their motion.

    This court's rules provide that

> [w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y.L.R.7.1(b)(3).  While recognizing that *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, *see Jemzura v. Pub. Serv. Comm'n*, 961 F. Supp. 406, 415 (N.D.N.Y. 1997) (McAvoy, C.J.), courts in this district have routinely found it appropriate to grant a dispositive motion pursuant to Local Rule 7.1(b)(3) based upon a *pro se* plaintiff's failure to respond.  *Robinson v. Delgado*, No. 96-CV-169, 1998 WL 278264, at *2 (N.D.N.Y. May 22, 1998) (Pooler, J. & Hurd, M.J.); *Cotto v. Senkowski*, No. 95-CV-1733, 1997 WL 665551, at *1 (N.D.N.Y. Oct. 23, 1997) (Pooler, J. & Hurd, M.J.); *Wilmer v. Torian*, 980 F. Supp. 106, 106-07

(N.D.N.Y. 1997) (Pooler, J. & Hurd, M.J.).  As can be seen by the face of Local Rule 7.1(b)(3), however, before summary judgment can be granted in this instance – even in the absence of opposition – the court must review the motion to determine whether it is facially meritorious.  *See Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 231-32 (N.D.N.Y. 2000) (Scullin, C.J.); *Leach v. Dufrain*, 103 F. Supp. 2d 542, 545-46 (N.D.N.Y. 2000) (Kahn, J.).

While a plaintiff's failure to properly oppose a defendant's motion does not assure that the motion, however lacking in merit, will be granted, that failure is not without consequences.  By opting not to submit papers in opposition to their motion, plaintiff has left the facts set forth in defendants' Local Rule 7.1(a)(3) Statement unchallenged.  Courts in this district have not hesitated to invoke Local Rule 7.1(a)(3) and its predecessor, Local Rule 7.1(f), deeming facts set forth in a statement of material facts not in dispute to have been admitted based upon an opposing party's failure to properly respond to that statement.[2]  *See, e.g., Elgamil v. Syracuse Univ.*, No. 99-CV-611, 2000 WL 1264122, at *1 (Aug. 22, 2000) (McCurn, S.J.) (listing cases);

---

[2] According to Local Rule 7.1(a)(3), "[a]ny facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party."  *See* N.D.N.Y.L.R. 7.1(a)(3) (emphasis omitted).

*see also Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing district courts' discretion to adopt local rules like 7.1(a)(3)). I therefore recommend that when reviewing defendants' motion for facial sufficiency, the court, following this well-established practice, accept defendants' assertion of facts as set forth in their Local Rule 7.1(a)(3) Statement as uncontroverted, in light of plaintiff's failure to respond to that statement, notwithstanding plaintiff's *pro se* status.

B.  Standard of Review

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Under that provision, summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); *Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004). A fact is "material", for purposes of this inquiry, if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S. Ct. at

2510; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. Though *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, they must establish more than mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (noting obligation of court to consider whether *pro se* plaintiff understood nature of summary judgment process).

When summary judgment is sought, the moving party bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue; the failure to meet this burden warrants denial of the motion. *Anderson*, 477 U.S. at 250 n.4, 106 S. Ct. at 2511 n.4; *Security Ins.*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477

U.S. at 250, 106 S. Ct. at 2511.

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences from the facts, in a light most favorable to the nonmoving party. *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); *see also Anderson,* 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

C.  Failure to Exhaust

The primary thrust of defendants' motion challenges plaintiff's commencement of this action without first having fully exhausted available administrative remedies through the filing of a grievance addressing the matters complained of and the full pursuit of that grievance, utilizing the process available to him under the DOCS grievance program.

The Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), altered the inmate litigation landscape considerably, imposing several restrictions on the ability of prisoners to

maintain federal civil rights actions. One such restriction introduced by the PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

New York prison inmates are subject to an Inmate Grievance Program established by the DOCS, and recognized as an "available" remedy for purposes of the PLRA. *See Mingues v. Nelson*, No. 96 CV 5396, 2004 WL 324898, at *4 (S.D.N.Y. Feb. 20, 2004) (citing *Mojias v. Johnson*, 351 F.3d 606 (2003) and *Snider v. Melindez*, 199 F.3d 108, 112-13 (2d Cir.1999)). The New York Inmate Grievance Program consists of a three-step review process. First, a written grievance is submitted to the Inmate Grievance Review Committee ("IGRC") within twenty-one calendar days of the

incident.³  7 N.Y.C.R.R. § 701.5(a).  The IGRC, which is comprised of inmates and facility employees, then issues a determination regarding the grievance.  *Id.* §§ 701.4(a), 701.5(b).  If an appeal is filed, the superintendent of the facility next reviews the IGRC's determination and issues a decision.  *Id.* § 701.5(c).  The third level of the process affords the inmate the right to appeal the superintendent's ruling to the Central Office Review Committee ("CORC"), which makes the final administrative decision.  *Id.* § 701.5(d).  Absent the finding of a basis to excuse non-compliance with this prescribed process, only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to section 1983 in federal court.  *Reyes v. Punzal*, 206 F. Supp. 2d 431, 432 (W.D.N.Y. 2002) (citing, *inter alia*, *Sulton v. Greiner*, No. 00 Civ. 0727, 2000 WL 1809284, at *3 (S.D.N.Y. Dec. 11, 2000)).

In this instance, the defendants have supported their motion, *inter alia*, by a declaration from IGP Director Thomas Eagen which, in its body and as augmented by an attached list of grievances filed by the plaintiff and pursued through to disposition by the CORC, firmly establishes that plaintiff did not file a grievance related to the matters set forth in his complaint.  *See* Eagan

---

³     The Inmate Grievance Program supervisor may waive the timeliness of the grievance submission due to "mitigating circumstances."  7 N.Y.C.R.R. § 701.6(g)(1)(i)(a)-(b).

Decl. (Dkt. No. 35-3) ¶¶ 1-3 and Exh. 1. This failure is further established by virtue of plaintiff's failure to respond to defendants' Local Rule 7.1(a)(3) Statement which asserts, as a material fact not in dispute, that "[p]laintiff also did not exhaust his administrative remedies regarding any of the incidents alleged in the complaint. Eagan Declaration, Exhibit 1." *See* Local Rule 7.1(a)(3) Statement (Dkt. No. 35-2) ¶ 4.

In light of plaintiff's failure to exhaust available administrative remedies regarding the matters set forth in his complaint and discerning no basis to excuse the applicable exhaustion requirement, I recommend this action be dismissed as procedurally barred, without prejudice. *See Sulton*, 2000 WL 1809284, at *4; *Petit v. Bender*, No. 99 CIV. 0969, 2000 WL 303280, at *3 (S.D.N.Y. Mar. 22, 2000).

IV.   SUMMARY AND RECOMMENDATION

The record now before the court definitively establishes plaintiff's failure to exhaust available administrative remedies, through the filing of a grievance and pursuit of that grievance through a decision by the CORC, regarding the matters set forth in his complaint. Accordingly, plaintiff's complaint is subject to dismissal on this procedural basis, and it is therefore unnecessary to address defendants' alternate argument that plaintiff's claims

13

are legally deficient on their merits.[4]  Accordingly, it is hereby

RECOMMENDED that defendants' motion for summary judgment (Dkt. No. 35) be GRANTED, and that plaintiff's complaint in this action be dismissed in its entirety, without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  <u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d

---

[4]  Plaintiff's complaint, which is sworn and thus the legal equivalent of an affidavit, *see* 28 U.S.C. § 1746 (1994); Fed.R.Civ.P. 56(e); *Franco v. Kelly,* 854 F.2d 584, 587 (2d Cir.1998) (citations omitted); *Colon v. Coughlin,* 58 F.3d 865, 872 (2d Cir.1995); *Yearwood v. LoPiccolo,* No. 95 CIV. 2544, 1998 WL 474073, at *5-*6 & n. 2 (S.D.N.Y. Aug. 10, 1998); *Ketchmore v. Gamache,* No. 96 CIV. 3004, 1997 WL 250453, at *4 n. 1 (S.D.N.Y. May 12, 1997), contains allegations which, when construed in a light most favorable to him, could be regarded as alleging that the defendants were aware of a dangerous condition in the facility's shower area, by virtue of prior inmate complaints, but failed to take adequate measures to protect the safety of inmates.  Such allegations could be regarded as transcending mere negligence and sufficient to support a constitutional claim under the Eighth Amendment. *See, e.g. Gomez v. Warden of the Otisville Corr. Facility,* No. 99 Civ. 9954, 2000 WL 1480478, at *5 (S.D.N.Y. Sept. 29, 2000) (allegations of slippery, waxed floor causing injury to the plaintiff "arguably posed a substantial risk of harm sufficient to satisfy the objective component [of the Eighth Amendment cruel and unusual punishment test]) (citations omitted*); see also Baumann v. Walsh,* 36 F. Supp. 2d 508, 513-14 (N.D.N.Y. 1999) (Scullin, J.) (allegations that plaintiff was required to climb among shelves and stand on boxes to retrieve materials from a storage room, if true, could demonstrate the existence of an inherently unsafe and dangerous condition).

Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

The clerk is directed to promptly forward copies of this order to the parties in accordance with the court's local rules.

Dated: July 25, 2007
        Syracuse, NY

_____
David E. Peebles
U.S. Magistrate Judge