UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELVIN PAULINO,

                              Plaintiff,

    -against-                                           9:05-CV-0652
                                                                 (LEK/DEP)

SUPERINTENDENT COSTELLO, *et al,*

                              Defendants.

---

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on July 25, 2007 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 39). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Elvin Paulino, which were filed on August 1, 2007. Objections (Dkt. No. 41).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. This Court has considered the objections and has undertaken a de novo review of the record.

In the Report-Recommendation, Judge Peebles recommended granting Defendants' Motion for summary judgment and dismissing Plaintiff's Complaint for the reason that Plaintiff had not responded to the Motion for summary judgment and thus left Defendants' statement of material

facts unchallenged. Report-Recommendation (Dkt. No. 39) at 13. However, after issuance of the Report-Recommendation, Plaintiff filed an objection in which he contested Defendants' characterization of the material facts, specifically relating to his failure to exhaust. Objection (Dkt. No. 41). Considering the special latitude to which *pro se* plaintiffs are entitled in summary judgment motions, Mount v. Book-of-the-Month Club, Inc. 55 F.2d 1108, 1112 (2d Cir. 1977); Jezmura v. Pub. Serv. Comm'n, 961 F. Supp. 406, 415 (N.D.N.Y. 1997) (McAvoy, C.J.), the Court accepts Plaintiff's objections as a specific challenge to Defendants' statement of material facts. As a consequence, the Court finds that Plaintiff's previous failure to respond is not a *de facto* admission and Judge Peebles' Recommendation that the case be dismissed on those grounds is no longer appropriate.

Summary judgment is appropriate when the pleadings, as well as any depositions, answers to interrogatories and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(c). Defendants assert that they are entitled to summary judgment both because Plaintiff has not exhausted his administrative remedies, as required by the Prison Litigation Reform Act, and because Plaintiff's complaint, according to Defendants, alleges only negligence, not rising to the level of a constitutional violation. Deft's Mem. in Support of Summary Jud't (Dkt. No. 35, Attach 5) at 2-5.

In his objections, Plaintiff asserts that he attempted to follow the correct procedural process to file his complaint, but his filings were not delivered, perhaps due to intentional interception. Objection (Dkt. No. 41) at 1. If true, Plaintiff's allegation that Defendants prevented him from filing his complaint may excuse Plaintiff from his obligation to exhaust administrative remedies. See Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (noting that "defendants' own actions

2

inhibiting the inmate's exhaustion of remedies may estop...the defendants from raising the plaintiff's failure to exhaust as a defense"); Ziemba v. Wezner, 366 F.3d 161, 163 (2004) (holding that Defendant's exhaustion claim is subject to estoppel where a prisoner claimed that he was beaten, threatened and denied grievance forms and materials).  This allegation raises a factual dispute between the parties that is material to the issue of exhaustion.  Because of the existence of a genuine issue of material fact, summary judgment on the issue of exhaustion is not appropriate.

However, Defendants' other argument for summary judgment, that Plaintiff's Complaint could not support a claim under Section 1983 of Title 42 of the United States Code, does not depend on a failure to exhaust defense.  Plaintiff's Complaint asserts that on September 4, 2002, while confined at Mid-State Correction facility, he slipped in the shower and incurred back pain which was not properly treated.  Complaint (Dkt. No. 1).  He asserts that the slipperiness of the shower area and Defendants' failure to x-ray his back constitute a deprivation of his constitutional rights. Id.

Plaintiff's claims concerning the slippery shower floor clearly do not rise to the level of a constitutional violation.  "[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution" and do not support a constitutional claim.  Daniels v. Williams, 474 U.S. 327, 333 (1986).  See also Davidson v. Cannon, 474 U.S. 344, 347 (1986).  Plaintiff's claims concerning his lack of proper medical treatment require greater attention; "deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment, in violation of the Eight Amendment."  Bellotto v. County of Orange, 2007 WL 2808028, at *3 (2d Cir. Sept. 26, 2007).  However, not all such claims meet the "deliberate indifference" standard.

To succeed on a "deliberate indifference" claim under the Eighth Amendment, a prisoner

3

must meet objective and subjective prongs.  Id.  The plaintiff must show that prison officials "acted unreasonably in response to an inmate health risk" and that "the inadequacy in medical care is sufficiently serious," judged by the risk of harm to the plaintiff.  Id.  See Also Hathaway v. Coughlin, 88 F.3d 550, 553 (2d Cir. 1996).  To meet the subjective prong, the plaintiff must show that a prison official knew the risk of serious harm to the plaintiff and disregarded that risk.  Bellotto, 2007 WL 2808028, at *3 (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994)).  The undisputed facts before the Court do not meet this "deliberate indifference" standard.  The health records submitted by Plaintiff establish that immediately after falling, he was given pain medication and his abrasions were cleaned and treated.  Ambulatory Health Record (Dkt. No. 1) at 8-9.  On a follow-up visit four days later, Plaintiff was again treated with pain medication and bacitracin.  Id.  The records do not show, nor does Plaintiff allege, that he complained about back or shoulder pain, except on one occasion, October 10, 2002.  Id.  On that date, Plaintiff was given pain medication to treat his complaints.  Id.  Plaintiff has not alleged, not does the record show, that he even requested an x-ray.  Considering all these facts, as to which there is no dispute, it is impossible to conclude that Plaintiff's treatment was seriously inadequate or unreasonable, or that it posed a significant risk of harm.  Accordingly,  Plaintiff cannot make out a constitutional claim on these facts.

For the foregoing reasons, Plaintiff's underlying claim cannot succeed and Defendants are entitled to judgment as a matter of law, whether or not Plaintiff has exhausted his administrative remedies.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 39) is **REJECTED in its reliance on Plaintiff's failure to respond, but ADOPTED in its result**; and it is further

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 35) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 7) is **DISMISSED**, without prejudice; and it is further

**ORDERED**, that Plaintiff's Motion to Appoint Counsel (Dkt. No. 40) is **DISMISSED as moot**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   October 02, 2007
         Albany, New York

Lawrence E. Kahn
U.S. District Judge